ORDER

DYK, Circuit Judge.
The United States moves to dismiss Robert B. Anderson, Ill’s appeal of the judgment in Anderson v. United States, 59 Fed.Cl. 451 (2004), as untimely. Anderson opposes.
On February 17, 2004, the United States Court of Federal Claims entered its final judgment dismissing Anderson’s complaint. The trial court denied Anderson’s motion for reconsideration on March 3, 2004. On April 21, 2004, the Court of Federal Claims granted Anderson’s request for an extension of time to appeal the judgment, stating: “Any notice of appeal filed in this case must be received by the Clerk’s Office of the United States Court of Federal Claims on or before May 28, 2004.” Anderson states that although he received trial court’s order granting his extension of time in April, he waited until May 27, 2004, one day before the due date, to mail his notice of appeal, anticipating that it would be delivered the next day. The Court of Federal Claims received the notice of appeal on June 1, 2004.
*631 To be timely, a notice of appeal must be filed within 60 days of entry of final judgment, or within the time extended by the trial court pursuant to Fed. R.App. P. 4(a)(5). See 28 U.S.C. § 2107; Fed. R.App. P. 4(a)(1)(B). “The courts have uniformly held that the taking of an appeal within the prescribed time is mandatory and jurisdictional.” United States v. Robinson, 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). Therefore, because Anderson filed his notice of appeal seeking review by this court after the date extended by the Court of Federal Claims and more than 60 days after entry of the trial court’s final judgment, we must dismiss for untimeliness.
Accordingly,
IT IS ORDERED THAT:
(1) The United States’ motion to dismiss is granted.
(2) Each side shall bear its own costs.